UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RAYCHELE K.,[1]

                                   Plaintiff,        Case # 20-CV-1724-FPG

v.                                                               DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                   Defendant.
_____

## INTRODUCTION

In September 2017, Plaintiff Raychele K. filed an application for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act (the "Act"), alleging disability beginning on March 1, 2016, due to multiple mental and physical impairments. Tr.[2] 181-93. The Social Security Administration ("SSA") denied her claim and Plaintiff filed a timely request for a hearing.

With the assistance of counsel, Plaintiff appeared and testified at a hearing before Administrative Law Judge Brian Battles (the "ALJ") on October 8, 2019. Tr. 84-131. A vocational expert also testified. The ALJ issued an unfavorable decision on September 17, 2019. Tr. 10-22. Plaintiff appealed to the Appeals Council, which denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA. Tr. 1-6. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil

---

[1] In accordance with this Court's November 18, 2020 Standing Order regarding the identification of non-government parties in social security decisions, available at https://www.nywd.uscourts.gov/standing-orders-and-district-plans, this Decision and Order will identify Plaintiff using only Plaintiff's first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 13.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

1

Procedure 12(c). ECF Nos. 18, 19. Plaintiff replied. ECF No. 20. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED for further proceedings.

## LEGAL STANDARD

### I. District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

### II. Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative

substantial gainful work which exists in the national economy in light of his or her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. §§ 404.1520, 416.920.

## DISCUSSION

### I.     The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 1, 2016, the alleged onset date. Tr. 12. At step two, the ALJ concluded that Plaintiff had the following severe impairments: bipolar disorder; anxiety; depression; migraines; and a history of seizures. Tr. 13.

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any Listings impairment. Tr. 13-15. Next, the ALJ determined that Plaintiff retained the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c) and § 416.967(c), with additional physical limitations. Tr. 15-20. The ALJ also found that Plaintiff could only perform simple, routine, repetitive tasks in a low stress job, with only occasional contact with supervisors and coworkers but no interaction with the general public. He could only occasionally make decisions and tolerate changes in work setting.

At step four, the ALJ found that Plaintiff was not capable of performing any past relevant work. Tr. 20. At step five, the ALJ determined that there were jobs in the national economy that Plaintiff could perform—such as a salvage laborer, lab equipment cleaner, and packager—and, therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 20-22.

**II.     Analysis**

Plaintiff argues that (1) the ALJ failed to properly evaluate the medical opinions of record under 20 C.F.R. § 404.1520c and § 416.920c and (2) the ALJ failed to properly consider Plaintiff's frequent health treatment when the ALJ determined that Plaintiff would only be off-task no more than 10% of the workday.  Because the Court agrees with Plaintiff's first argument, it declines to address the second.

"The regulations regarding the evaluation of medical evidence have been amended for claims filed after March 27, 2017, and several of the prior Social Security Rulings, including SSR 96-2p, have been rescinded."  *Raymond M. v. Comm'r*, No. 5:19-CV-1313 (ATB), 2021 WL 706645, at *4 (N.D.N.Y. Feb. 22, 2021).  "According to the new regulations, the Commissioner 'will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion."  *Raymond M.*, 2021 WL 706645, at *4 (citing *Revisions to Rules Regarding the Evaluation of Medical Evidence ("Revisions to Rules")*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c(a), 416.920c(a)).  "Instead, the Commissioner must consider all medical opinions and 'evaluate their persuasiveness' based on the following five factors: supportability; consistency; relationship with the claimant; specialization; and 'other factors.'"  *Raymond M.*, 2021 WL 706645, at *4 (citing 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c)).

Under the new regulations, "the ALJ must still 'articulate how [he or she] considered the medical opinions' and 'how persuasive [he or she] find[s] all of the medical opinions.'"  *Id.* (citing 20 C.F.R. §§ 404.1520c(a) and (b)(1), 416.920c(a) and (b)(1)).  However, the new regulations "eliminate the perceived hierarchy of medical sources, deference to specific medical opinions, and assigning 'weight' to a medical opinion."  *Id.*  Of the five factors the ALJ is to consider in

evaluating the persuasiveness of medical opinions, consistency and supportability are "the most important." *Raymond M.*, 2021 WL 706645, at *4 (citing *Revisions to Rules*, 82 Fed. Reg. 5844-01 at 5853).

The ALJ evaluated the opinion evidence here in a detailed and largely well-supported decision. However, there is one aspect of the ALJ's treatment of a medical source statement from Plaintiff's treating therapist, Nicole Dunlap, and her treating nurse practitioner, Terry Jo Brooks-Devlin, NP,[4] that is not supported by substantial evidence: their opinion regarding Plaintiff's absences from work.

Among other things, Dunlap opined that Plaintiff would be absent from work for "more than four days per month." Tr. 435. The ALJ concluded that Dunlap's opinion was "persuasive." Tr. 20. Specifically, the ALJ found that the "opinion is supported by her treatment of the claimant and consistent with the claimant's longitudinal treatment at Dale Association." Tr. 20. In fact, the ALJ went even further than Dunlap's opinion by crediting Plaintiff's testimony and finding that she had moderate limitations in *all* areas, even those Plaintiff's providers did not find compromised.

Despite finding the opinion as a whole "persuasive," the ALJ did not address Dunlap's opinion that Plaintiff would be absent from work more than four days per month. Generally, an ALJ must "reconcile discrepancies between [his] RFC assessment and medical source statements." *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006). While an "ALJ is not obligated to reconcile explicitly every conflicting shred of medical testimony, he cannot simply selectively choose evidence in the record that support his conclusions." *Id.* (quoting another

---

[4] The Court will refer to the opinion as "Dunlap's opinion" because it appears to have been to be authored by Dunlap but co-signed by Brooks-Devlin.

source). Rather, when the RFC conflicts with a medical opinion, an ALJ must "explain why the opinion was not adopted." *Id.* (quoting another source).

To be sure, the ALJ *could* have concluded that the absence-portion of the opinion was not persuasive, but he *should* have explained his reasons for discounting that portion of the opinion. Nor can the Court discern any reason why the ALJ would reject that portion of the opinion because the evidence suggests that Plaintiff would have, to some extent, been absent from work. The ALJ noted that Plaintiff missed many mental health appointments. Tr. 18. And the ALJ found the consultative evaluator's opinion that Plaintiff was able to "sustain an ordinary routine and regular attendance at work" only "somewhat persuasive" because the ALJ reasoned that Plaintiff's limitations were more significant than the consultative evaluator would have allowed. Without an explanation from the ALJ as to why he chose to omit Plaintiff's limitations for regularly attending work, the Court is unable to meaningfully review this aspect of the decision. *See Perkins v. Berryhill*, No. 17-CV-6327, 2018 WL 3372964, at *4 (W.D.N.Y. 2018) ("Without reliance on a medical source's opinion or a function-by-function assessment connecting the medical evidence to the RFC, the ALJ's decision leaves the Court with many unanswered questions and does not afford an adequate basis for meaningful judicial review.").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 18, is GRANTED, the Commissioner's motion for judgment on the pleading, ECF No. 19, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 19, 2022
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

7